IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:06-cv-00142-WHA-DRB |
| | ) | |
| ALAN M PATTERSON, JR. | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Pursuant to the referral of this action for pre-trial handling and recommendation, the court deems it appropriate, after reviewing the *pro se* defendant's "Answer" to the debt collection complaint filed February 16, 2006, to provide a reasonable opportunity for the parties to attempt a resolution of what appears to be an undisputed debt prior to setting a deadline for their discovery planning conference and report. Accordingly, it is

ORDERED that Counsel for the United States undertake to communicate with the *pro se* defendant and file, not later than **April 28, 2006**: (a) notice of any progress in resoliving this dispute, indicating whether pre-discovery mediation may be a helpful alternative, and, if necessary (b) the parties' discovery planning report. **Included with this Order is an outline of the mediation process in the Middle District of Alabama.**

**The *pro se* defendant is advised** that Rule 26(f) of the Federal Rules of Civil Procedure *requires* that the parties confer, as soon as practicable, "to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan." The attorneys of record and all unrepresented parties are jointly responsible for arranging the

conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court a written report outlining the plan. The Rule 26(f) report containing the discovery plan should comply with Form 35 in the Appendix of Forms to the Federal Rules of Civil Procedure.

**THE PARTIES ARE FURTHER DIRECTED to be mindful of this District's civil practice rules as well as the Federal Rules of Civil Procedure, including the following:**

**1. Dispositive Motions**

The longstanding practice in this district is that any dispositive motions (i.e., motions to dismiss or motions for summary judgment) shall be filed no later than 90 days prior to the pretrial date. If the parties seek to vary from that schedule, they should present, in their Rule 26(f) discovery plan, specific case-related reasons for the requested variance.

**2. Scheduling for trial**

This case will be set for trial before the assigned judge during one of that judge's regularly scheduled civil trial terms. The pretrial date is normally set within four to six weeks of a scheduled trial term. The dates of each judge's civil trial terms are available on the court's website located at http://almd.uscourts.gov in the civil case information section. The scheduling order will follow the form of the Uniform Scheduling Order which is also available on the court's website.

DONE this 28th day of March, 2006

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA

## PROGRAM OF VOLUNTARY MEDIATION

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial. The court stresses that <u>mediation is completely voluntary and confidential</u>. The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving their dispute – at an early stage in the litigation – through voluntary mediation. Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury. Successful mediation saves the substantial time and expense involved with a trial. Successful mediation allows parties to alleviate the risk of trial and, at the same time, permits the parties to play an active role in the final decision about their case. The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position. After this meeting the mediator will meet with each side individually for a full discussion of that side's case. Throughout the process the goal of the mediator is to assist the parties in negotiating a settlement. Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case. Often an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that not less than 21 days after the date for filing dispositive motions, counsel for the parties shall personally meet and attempt to reach settlement of the case. If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case. Within five days after this conference counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case. Upon such notification, the trial judge may assign a mediator to schedule a mediation conference. However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances the mediator will be a judicial officer. Under the existing internal operating understandings of this court, a nonjudicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required. <u>At any time while a case is pending,</u> the parties may seek assistance in settling their dispute through mediation.

_____